Robert Jewell PURDY, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 3653.

District of Columbia Court of Appeals.

Argued Feb. 15, 1965.

Decided May 12, 1965.

William J. Garber, Washington, D. C., for appellant.

Gerald E. Gilbert, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Edwin C. Brown, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge:

Appellant was convicted of simple assault and sentenced to serve 180 days. This appeal followed.

The complaining witness, John L. O'Brien, testified that on July 23, 1964, he was employed as a desk clerk in an apartment building in which defendant-appellant was a tenant. At about 12:30 in the morning, O'Brien was called on the telephone by appellant's roommate, Stuart Donathan, and a few minutes later, Donathan came down to the desk to discuss with O'Brien the service. Following that discussion Donathan walked toward the elevator, and O'Brien, who was going to the men's room, walked with him. Before they could reach their respective destinations, appellant emerged from a stairwell leading to the second floor, and, according to O'Brien's testimony, beat O'Brien about the body, knocked him to the floor, choked him with his necktie, and fled.

Appellant, testifying in his own behalf, stated that he had wanted some cigarettes, and accordingly had taken the stairway down to the lobby where he observed

1

O'Brien and Donathan facing each other. He testified that he saw O'Brien raise his hand, and admitted that he then grabbed O'Brien by the arm, forcing him to sit down. He denied any further assault.

Donathan, testifying for appellant, stated that O'Brien had raised his hand and that appellant had then grabbed his arm. But like appellant, he denied any assault in the manner described by O'Brien.

The trial concluded with these witnesses, and the court instructed the jury, giving general instructions and instructions on assault. The court refused, however, to give either the following instruction, requested by appellant, or one in substance like it:

> "One has a right to prevent the commission of a crime. A person has the right to prevent an assault against a third person and may use such force as is reasonably necessary under all of the circumstances to prevent such assault.

> "If you believe that the defendant actually believed that the complaining witness was about to assault Mr. Donathan and such belief was reasonable in view of all of the facts and circumstances, the defendant had a right to use such force as was reasonably necessary to prevent an assault."

This appeal claims error in that refusal.

The United States Court of Appeals has ruled, quoting American Jurisprudence, Trial § 580, p. 458, that

> "'* * * [I]n criminal cases the defendant is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility. He is entitled to have such instructions even though the sole testimony in support of the defense is his own.'" Tatum v. United States, 88 U.S.App.D.C. 386, 391, 190 F.2d 612, 617 (1951).

Implicit in that rule, however, is the requirement that *some* evidence be presented upon which defendant's theory can be based. In the instant case, the only evidence relating to the theory embraced in the requested instruction was the testimony that O'Brien had his hand raised. That evidence, we think, was insufficient to warrant an instruction relating to the right to defend third persons. That right in general attaches only where the person being defended would have the right of self-defense. Here there was no evidence tending to show that Donathan was about to be attacked by O'Brien, or that appellant could have reasonably so believed.

It follows that the action of the trial judge in refusing to give the requested instruction was not error.

Affirmed.